**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.

Fredy Armondo Gutierrez Martinez,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 07-91 (5) ADM/FLN
Civil No. 10-2553 ADM

_____

Fredy Armondo Gutierrez Martinez, pro se.

W. Anders Folk., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Fredy Armondo Gutierrez Martinez's ("Gutierrez Martinez") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 322] ("2255 Motion") and Plaintiff the United States of America's (the "Government") Motion to Dismiss [Docket No. 324].

## II. BACKGROUND

On December 14, 2007, Gutierrez Martinez pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 [Docket No. 222]. On June 6, 2008, Gutierrez Martinez was sentenced to 135 months' imprisonment and five years of supervised release [Docket No. 311].

On March 31, 2010, the Supreme Court issued its decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010), holding that an attorney must "advise her client regarding the risk of deportation" resulting from a guilty plea, and that the attorney who fails to do so provides ineffective assistance of counsel. Citing Padilla, Gutierrez Martinez filed this 2255 Motion on June 21, 2010 claiming that his trial counsel failed to inform him that pleading guilty would subject him to deportation. Gutierrez Martinez requested additional time to provide factual detail to support his claim under Padilla.

In response, the Government filed a motion to dismiss Gutierrez Martinez's 2255 Motion arguing that his claim was time-barred. Pursuant to 28 U.S.C. § 2255(f)(1), federal habeas petitioners must commence their action within one year of "the date on which the judgment of conviction becomes final." Gutierrez Martinez's conviction became final in June, 2008, and he did not file this petition until June, 2010. Therefore, the Court would ordinarily grant the Government's motion and dismiss Gutierrez Martinez's 2255 Motion as time barred without reaching the merits.

However, 28 U.S.C. § 2255(f)(3) creates an exception where a petitioner may commence a petition based on a right "newly recognized by the Supreme Court" within one year of the applicable Supreme Court decision, if the right is made "retroactively applicable to cases on collateral review." The few courts that have considered the question of Padilla's retroactive application have disagreed. Compare United States v. Hubenig, No. 6:03-mj-040, 2010 WL 2650625, *5-8 (concluding that the Padilla decision is applicable retroactively and stating "If the Court intended Padilla to be a new rule which would apply only prospectively, the entire 'floodgates' discussion would have been unnecessary."); People v. Bennett, 28 Misc. 3d 575, 903 N.Y.S.2d 696, 2010 WL 2089266, *3 (N.Y. City Crim. Ct. Bronx County 2010)

(retroactively applicable) with Gacko v. United States, No. 09-CV-4938, 2010 WL 2076020, *3 (E.D.N.Y. May 20, 2010) (no retroactive effect); People v. Kabre, No. 2002NY029321, 2010 WL 2872930, at *10 (N.Y. Crim.Ct. July 22, 2010) (same).

Other courts have concluded that even if petitioner's counsel failed to advise the petitioner of the immigration consequences of his guilty plea, the petitioner was not prejudiced by such an error, as is required to prevail on an ineffective assistance of counsel claim by the well-established rule in Strickland v. Washington, 466 U.S. 668 (1984). See United States v. Obonaga, No. 10-CV-2951, 2010 WL 2710413, *1-2 (E.D.N.Y. June 30, 2010) (assuming *arguendo* that Padilla applies retroactively but finding that the petitioner failed to demonstrate prejudice); People v. Valestil, No. 2007KNO10757, 2010 WL 2367351, *3 (N.Y.City Crim.Ct. June 14, 2010) (defendant was unable to meet the second prong of Strickland).

The Government failed to address Padilla's retroactive applicability or the viability of Gutierrez Martinez's claim with respect to the prejudice prong of the Strickland test. Thus, the Court cannot conclude at this time that Gutierrez Martinez's claim should be dismissed.

Gutierrez Martinez's request for additional time to provide briefing is granted. By October 1, 2010, Gutierrez Martinez shall provide support for his claim that he is entitled to relief under Padilla. The Government shall have until November 1, 2010 to respond and must address the retroactive applicability of Padilla and/or whether Gutierrez Martinez can satisfy the prejudice prong of Strickland.

## III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Gutierrez Martinez shall submit the information discussed above by October 1, 2010 so that the Court can properly evaluate his Petition and the Government shall submit a response by November 1, 2010.

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated: August 25, 2010.