UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Fredy Armondo Gutierrez Martinez,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 07-91 (5) ADM/FLN
Civil No. 10-2553 ADM

_____

Fredy Armondo Gutierrez Martinez, pro se.

W. Anders Folk, Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Fredy Armondo Gutierrez Martinez's ("Gutierrez Martinez") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 322] ("2255 Motion"), Plaintiff the United States of America's (the "Government") Motion to Dismiss [Docket No. 324], and Gutierrez Martinez's Motion in Opposition to Government's Motion to Dismiss [Docket No. 325].

## II. BACKGROUND

On December 14, 2007, Gutierrez Martinez pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 [Docket No. 222]. On June 6, 2008, Gutierrez Martinez was sentenced to custody for 135 months and five years of supervised release [Docket No. 311].

Almost two years later, on March 31, 2010, the U.S. Supreme Court issued its decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010), holding that an attorney must "advise her client regarding the risk of deportation" resulting from a guilty plea, and that the attorney who fails to do so provides ineffective assistance of counsel. Id. at 1482. Relying on Padilla, Gutierrez Martinez filed this 2255 Motion on June 21, 2010, arguing that his conviction should be vacated because trial counsel failed to inform him a plea of guilty would subject him to deportation. Gutierrez Martinez requested additional time to provide factual detail to support his claim under Padilla.

In response, the Government filed a motion to dismiss Gutierrez Martinez's 2255 Motion arguing that his claim was time-barred. In most circumstances, federal habeas petitioners must commence their action within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255(f)(1). Gutierrez Martinez's conviction became final in June of 2008, and he did not file this petition until two full years later in June of 2010. On these facts, the Court would ordinarily grant the Government's motion and dismiss Gutierrez Martinez's 2255 Motion as time-barred. However, an exception exists when a petition is based on a right "newly recognized by the Supreme Court" within one year of the applicable Supreme Court decision, if the right is made "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Gutierrez Martinez argues that on March 31, 2010, the Supreme Court's opinion in Padilla created a newly recognized right that is retroactively applicable to cases on collateral review. In an August 25, 2010 Order, the Government was directed to provide additional briefing on 1) the retroactive applicability of Padilla and 2) whether Gutierrez Martinez satisfies the second "prejudice" prong of Strickland v. Washington, 466 U.S. 668 (1984) [Docket No.

327]. The Government now argues that Padilla is not retroactive and that, in any event, Gutierrez Martinez cannot satisfy the second prong of Strickland [Docket No. 331]. Gutierrez Martinez filed papers styled as a "Pro Se Motion in Opposition to Government's Motion to Dismiss," [Docket No. 325] and a "Pro Se Brief" [Docket No. 328] arguing that Padilla is retroactive and that his 2255 Motion should be granted.

As the Court finds Gutierrez Martinez cannot satisfy the second prong of Strickland, the Government's Motion to Dismiss is granted and Gutierrez Martinez's motions are denied.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year statute of limitation for petitioners to file for writs of habeas corpus. 28 U.S.C. § 2255(f). The one year period runs from the latest of the following dates:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Government first argues that Gutierrez Martinez's 2255 Motion is untimely filed in violation of § 2255(f)(1) and must be dismissed as time-barred. Gutierrez Martinez's conviction became final in June 2008, thus his rights under § 2255(f)(1) expired in June 2009. He did not file the instant motion until June 2010. Therefore, the Government correctly argues that Gutierrez Martinez's 2255 Motion is time-barred unless it meets one of the other exceptions provided in § 2255(f). The Court will address Gutierrez Martinez's contention that his motion is timely and meritorious under the § 2255(f)(3) exception.

**1. Retroactive Applicability of <u>Padilla</u>**

A defendant is "entitled to the effective assistance of competent counsel" in making the decision to plead guilty to a crime. <u>Padilla</u>, 130 S.Ct. at 1481-82. Ineffective assistance of counsel claims are addressed under the two-prong test articulated in <u>Strickland</u>. 466 U.S. at 688. First, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." <u>Id.</u> If such a showing is made, then the defendant must also show prejudice, namely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> In <u>Padilla</u>, the Court held that a defendant satisfies the first prong if an attorney fails to inform her non-citizen client that he faces a risk of deportation before entering a guilty plea. 130 S.Ct. at 1486-87. The <u>Padilla</u> court did not reach prejudice, the second prong of the <u>Strickland</u> analysis.

Here, Gutierrez Martinez argues that <u>Padilla</u> created a newly recognized right that is retroactively applicable to cases on collateral review. The question of retroactivity is governed by the test set forth in <u>Teague v. Lane</u>, 489 U.S. 288 (1989). Courts that have considered the question of <u>Padilla's</u> retroactive application have reached conflicting results. Some courts have found Padilla to be retroactive. <u>See</u>, <u>e.g.</u>, <u>United States v. Millan</u>, Nos. 3:06cr458, 3:10cv165,

2010 WL 2557699,* 1 (N.D. Fla. May 24, 2010) (observing that Padilla is not a newly recognized right and should apply retroactively); Martin v. U.S., No. 09-1387, 2010 WL 3463949, *3 (C.D. Ill. Aug. 25, 2010) (holding Padilla did not create a new rule under Teague and was therefore retroactively applicable); United States v. Hubenig, No. 6:03-mj-040, 2010 WL 2650625, *5-8 (E.D.Cal. July 1, 2010) (concluding that the Padilla decision is applicable retroactively and stating "If the Court intended Padilla to be a new rule which would apply only prospectively, the entire 'floodgates' discussion would have been unnecessary."); Al Kokobani v. U.S., Nos. 5:06-cr-207, 5:08-cv-177, 2010 WL 3941836, *4-6 (E.D.N.C. July 30, 2010) (same); People v. Bennett, 28 Misc. 3d 575, 903 N.Y.S.2d 696, 2010 WL 2089266, *3 (N.Y. City Crim. Ct. Bronx County 2010) (retroactively applicable).

Other courts have disagreed, concluding Padilla cannot be retroactive. See, e.g., Gacko v. United States, No. 09-CV-4938, 2010 WL 2076020, *3 (E.D.N.Y. May 20, 2010) (no retroactive effect); United States v. Gilbert, No. 2:03-cr-349, 2010 WL 4134286, *3 (D.N.J. Oct. 19, 2010) (finding that neither the 3rd Circuit nor the U.S. Supreme Court had ever held that an attorney had a duty to inform a client of the potential immigration consequences of a guilty plea); Haddad v. United States, Nos. 07-cv-12540, 97-cr-80150, 2010 WL 2884645, *6 (E.D. Mich. Jul. 20, 2010) (finding it "unlikely that Padilla will be made retroactive to convictions under collateral attack"); People v. Kabre, No. 2002NY029321, 2010 WL 2872930, at *10 (N.Y. Crim.Ct. July 22, 2010) (same). One court simply held that Padilla's retroactive applicability is unclear. Toribio-Ascencio v. United States, Nos. 7:05-cr-97, 7:08-cv-211, 2010 WL 4484447, *4 (E.D.N.C. Oct. 25, 2010). None of the U.S. Circuit Courts of Appeals have ruled on the retroactivity of Padilla.

In light of the confusion engendered by Padilla, several courts have bypassed the question of retroactivity where, even if petitioner's counsel failed to advise the petitioner of the immigration consequences of his guilty plea, the petitioner was not prejudiced. See United States v. Obonaga, No. 10-CV-2951, 2010 WL 2710413, *1-2 (E.D.N.Y. June 30, 2010) (assuming *arguendo* that Padilla applies retroactively but finding that the petitioner failed to demonstrate prejudice); Toribio-Ascencio, 2010 WL 4484447 at *4 ("Assuming *arguendo* that Padilla does apply retroactively, petitioner's claim would still fail . . . ."); People v. Valestil, No. 2007KNO10757, 2010 WL 2367351, *3 (N.Y.City Crim.Ct. June 14, 2010) (defendant was unable to meet the second prong of Strickland).

It is well-settled that a defendant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other prong. A finding that the defendant failed to satisfy the second prong is dispositive. Strickland, 466 U.S. at 697 (1984) (". . . there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."); see Cagle v. Norris, 474 F.3d 1090, 1097 (8th Cir. 2007) ("Even if counsel's failure to object to the submitted jury instruction fell below an objective standard of reasonableness, Cagle's defense was not prejudiced by the submission of the justification defense on use of physical force. Thus, Cagle does not meet his burden under Strickland.").

**2. Gutierrez Martinez Cannot Establish Prejudice Under Strickland's Second Prong**

To satisfy the prejudice requirement of Strickland's second prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Unlike the defendant in Padilla, who had been a legal permanent resident of this country for over 40 years, Gutierrez Martinez is an illegal alien. As reflected in his Presentence Report, the defendant informed Probation that he has been in this country illegally since 2003. Thus, Gutierrez Martinez's guilty plea did not change his status with respect to deportation. He was subject to deportation both before and after his guilty plea. As his guilty plea had no bearing on his deportability, the information about the immigration consequences of his guilty plea would not have affected his decision whether to plead or go to trial.

Furthermore, during the sentencing hearing, the Court informed Gutierrez Martinez he would likely be deported. Sentencing Tr. at 28: lines 22-25 (Court: "I have also considered as a factor but not a particularly significant factor the fact that you will in all likelihood be deported, and that's a different sanction than most of the defendants in the case are likely to face."). He did not file a direct appeal. Thus, even assuming Padilla is retroactive and further assuming Gutierrez Martinez's attorney failed to advise him of the immigration consequences of his guilty plea, Gutierrez Martinez cannot establish prejudice. Accordingly, he cannot succeed on a claim of ineffectiveness of counsel. Therefore, Gutierrez Martinez's 2255 Motion is denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based

on the substantial disagreement among reasonable jurists relating to the retroactive applicability of Padilla, the Court finds that another court might decide the issues raised in this 2255 motion differently.  Therefore, the Court grants a certificate of appealability.

## V.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Gutierrez Martinez's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 322] is **DENIED**.

2. The Government's Motion to Dismiss [Docket No. 324] is **GRANTED**.

3. Gutierrez Martinez's Motion in Opposition to Government's Motion to Dismiss [Docket No. 325] is **DENIED**.

4. A certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 17, 2010.