# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Fredy Armondo Gutierrez Martinez,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 07-91 (5) ADM/FLN

_____

Andrew Dunne, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Fredy Armondo Gutierrez Martinez, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Fredy Armondo Gutierrez Martinez's ("Defendant") Motion for Downward Departure Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 413]. For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

On September 6, 2007, a federal grand jury returned a 10-count Second Superseding Indictment charging Defendant and 13 co-defendants with federal drug trafficking offenses involving methamphetamine. Second Superseding Indictment [Docket No. 99] ("Indictment"). On December 14, 2007, Defendant pled guilty to Count 1 of the Second Superseding Indictment charging him with conspiracy "to distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and more than 50 grams of actual methamphetamine." [Docket No. 217]; Indictment at 2–3.

Prior to sentencing, the U.S. Probation Office prepared a PreSentence Report ("PSR") which calculated a total offense level of 37, resulting in a guideline range of imprisonment of 210–262 months.[1]  At sentencing on June 6, 2008, the Court adopted the factual findings and guideline calculations of the PSR and imposed a sentence of 135 months imprisonment followed by a five-year term of supervised release.  See Sentencing Judgment [Docket 311].  This downward departure from the applicable guideline range was based on the sentencing factors set forth in 18 U.S.C. § 3553(a).

On March 30, 2015, Defendant filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Defendant requests a sentence reduction based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").  Amendment 782 took effect on November 1, 2014 and is to be applied retroactively pursuant to Amendment 788.  Defendant argues that Amendment 782 applies to his sentence and that his base offense level should therefore be reduced by two.  On April 14, 2015, the Government filed its Response to Defendant's Motion [Docket No. 414].  The Government contends that reduction is not appropriate as Defendant received a sentence below the amended guideline range of imprisonment, and the reason for the original sentencing departure was not based upon Defendant's substantial assistance under 18 U.S.C. § 3553(e).

### III.  DISCUSSION

A district court is prohibited under 18 U.S.C. § 3582(c) from reducing a term of imprisonment once it has been imposed except in three circumstances:  (1) on a motion of the

---

[1] This total offense level calculation resulted from a base offense level of 38, a two-level enhancement for Defendant's leadership role under U.S.S.G. § 3B1.1(c), and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

Director of the Bureau of Prisons if certain special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if, after the defendant has been sentenced, the sentencing range is subsequently lowered by the Sentencing Commission.[2]

Defendant's Motion is premised upon the third circumstance. However, the extent of a reduction allowed under 18 U.S.C. § 3582(c) is strictly limited and does not apply to Defendant's circumstances. The Sentencing Commission has directed that, except for instances where a defendant received a below-guideline sentence based on substantial assistance under 18 U.S.C. § 3553(e), the "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Thus, the extent of Defendant's potential sentencing reduction is limited to the bottom of his amended guideline range.

The Court adopted the guideline calculation of an offense level of 37, which suggested a term of imprisonment between 210–262 months. Defendant received a sentence of 135 months imprisonment to be followed by five years of supervised release. Applying Amendment 782's two-level reduction, the U.S. Probation Office submitted to the Court an amended guideline range for Defendant of 168–210 months imprisonment. Letter to the Ct. re: Retroactivity [Docket No. 389]. However, because the sentence originally imposed by the Court of 135 months is lower than the amended U.S.S.G. range of 168–210 months, and because the Court's original downward departure in sentencing was not based upon "substantial assistance" under 18

---

[2] Rule 35 allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after sentencing or to reduce a sentence in response to a motion by the government if the defendant provided substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(a)-(b).

U.S.C. § 3553(e) as required by U.S.S.G. § 1B1.10(b)(2)(B), this Court lacks the authority to further reduce Defendant's sentence.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Fredy Armondo Gutierrez Martinez's Motion for Downward Departure Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 413] is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 12, 2015.